UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. OSOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER ASSIGNED AS TRANSPORTATION OFFICER AT PLEASANT VALLEY STATE PRISON (JOHN DOE 1), et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-01884-DAD-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.  SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH"). He names the following Defendants: (1) John Doe 1, a correctional officer/transportation officer from Pleasant Valley State Prison ("PVSP"), (2) John Doe 2, another correctional officer/transportation officer from PVSP, (3) John Doe 3, a California Department of Corrections and

Rehabilitation Administrator, and (4) John Doe 4, a California Department of State Hospitals Administrator.

His allegations may be summarized essentially as follows:

On October 28, 2015 Plaintiff was transported from CSH to an outside medical appointment by Does 1 and 2. Plaintiff was handcuffed, waist chained, and leg cuffed. Transportation to the appointment was without incident. On the return trip, Does 1 and 2 failed to secure Plaintiff's seat belt. Plaintiff attempted to secure his seatbelt but was unable to do so due to his restraints. He attempted to notify Does 1 and 2 but their radio was too loud.

Plaintiff fell asleep approximately ten minutes after leaving the appointment. At some point, Doe 1 or 2 made a hard left turn and Plaintiff was thrown out of his seat, onto the seat in front of him, and eventually fell to the floor of the van. Does 1 and 2 did not respond to Plaintiff's cries for help. Plaintiff sustained injuries to his left knee, hands, back and neck.

Does 1 and 2 opened the rear doors of the van upon arrival at CSH and discovered Plaintiff on the floor. They asked why Plaintiff was on the floor and Plaintiff stated that he fell. Does 1 and 2 did not offer Plaintiff assistance in exiting the van. Plaintiff experienced pain removing himself from the van.

Plaintiff reported his injuries to Receiving and Release ("R&R") medical staff. R&R staff refused to photograph his injuries. Plaintiff saw a nurse and doctor upon return to his unit. The doctor informed Plaintiff he had lacerations caused by the handcuffs when Plaintiff landed on the floor of the van.

Plaintiff again saw the doctor on November 6, 2015 and was given antibiotics because his lacerations were infected.

Plaintiff alleges that Does 1 and 2, through their recklessness, violated Plaintiff's Fourteenth Amendment right to "freedom from harm."

Plaintiff alleges that Department of State Hospitals policy requires patients to be transported to outside medical appointments by hospital police officers and at least one level-of-care staff. This policy is memorialized in Order No. 243.04. He alleges that it is unconstitutional for a civil detainee, such as Plaintiff, to be in the custody of the California Department of Corrections and Rehabilitation for transport. He alleges that Does 3 and 4 have an "underground agreement" to surrender Plaintiff's custody to CDCR officers, thereby depriving Plaintiff of his liberty in violation of the Fourteenth Amendment and article I, section 7 of the California Constitution.

Plaintiff seeks the appointment of counsel, monetary damages, an injunction "voiding the agreement" that allows CDCR correctional officers to transport Department of State Hospitals patients, and a declaration that such transport violates the Constitution and the public interest.

## IV.  ANALYSIS

### A.  Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he

has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, plaintiff's request for the appointment of counsel will be denied without prejudice.

### B. Due Process

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321–22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232,

1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and internal quotation marks omitted).

### 1.  Transport by CDCR Officers

Plaintiff claims that he was unlawfully deprived of his liberty by being transported by CDCR officers, rather than employees of CSH or the Department of State Hospitals.

Plaintiff's transport by CDCR officers is not per se unconstitutional. Plaintiff has not alleged facts to indicate that the conditions of his transport were punitive or unduly restrictive. Nor has he alleged that professional judgment was improperly exercised. The Court notes that, in other circumstances, courts have rejected claims that the transport of civil detainees by CDCR officers rises to a constitutional violation. See Cerniglia v. Mayberg, No. 1:06–CV–01767 OWW JMD HC, 2010 WL 2464852, at *4 (E.D. Cal. June 14, 2010), and cases cited therein.

The Court concludes that this allegation fails to state a claim. Plaintiff will be given leave to amend. If he chooses to do so, he must allege more than the simple fact that his transport was conducted by CDCR officials. Instead, he must allege facts to meet the legal standard set forth above.

### 2.  Failure to Secure Seatbelt

Plaintiff alleges that Defendants failed to protect him from harm by failing to secure his seatbelt.

However, Plaintiff has not alleged facts to indicate that Defendant Does 1 and 2 acted with "conscious indifference amounting to gross negligence." Ammons, 648 F.3d

at 1029. Indeed, there is nothing to reflect that Defendants were aware prior to or during the transport that Plaintiff's seatbelt was not secured, or otherwise acted with conscious indifference to Plaintiff's safety. Plaintiff's allegations reflect, at most, mere negligence.

Plaintiff will be given leave to amend. If he chooses to do so, he must allege facts to show that Defendants exhibited conscious indifference amounting to gross negligence.

### C. State Law Negligence

Plaintiff claims that Does 1 and 2 acted recklessly in their transport of Plaintiff. This appears to be an attempt to plead a claim of negligence under California state law.

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

If Plaintiff chooses to amend, he is advised that the elements of negligence under California law are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

7

(damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 70 Cal. Rptr. 3d 519 (2008)).

Additionally, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victims Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

### D. Declaratory Relief

Plaintiff seeks declaratory relief. However, because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, to the extent Plaintiff may amend to allege a cognizable claim, this action properly proceeds as one for damages only.

### E. Injunctive Relief

Plaintiff seeks an injunction "voiding the agreement" that allows CDCR correctional officers to transport Department of State Hospitals patients. This relief flows from Plaintiff's claim that the "agreement" is unlawful, a claim which, for the reasons stated above, is without merit as currently pleaded. Plaintiff may not seek injunctive relief on this basis.

### F. Doe Defendants

The use of Doe defendants generally is disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants have been identified. Plaintiff may, under certain circumstances,

be given the opportunity to identify unknown defendants through discovery prior to service. Id. However, the Court will not allow such discovery until Plaintiff has alleged a cognizable cause of action.

## V.     CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

    Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed December 18, 2015;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  March 3, 2016            /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE