UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. OSOLINSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER ASSIGNED AS TRANSPORTATION OFFICER AT PLEASANT VALLEY STATE PRISON (JOHN DOE 1), et al.,<br><br>　　　　　Defendants. | CASE NO. 1:15-cv-01884-DAD-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL AND TO OPEN DISCOVERY**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 14)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

　　　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has declined Magistrate Judge jurisdiction. (ECF No. 5.)

　　　　On March 3, 2016, the Court screened Plaintiff's complaint and found it failed to state a cognizable claim. (ECF No. 8.) The Court granted Plaintiff leave to file an amended complaint. His first amended complaint is now before the Court for screening. (ECF No. 14.)

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predator Act. He names the following Defendants: (1) John Doe 1, a correctional officer/transportation officer from Pleasant Valley State Prison ("PVSP"), (2) John Doe 2, another correctional officer/transportation officer from PVSP, (3) John Doe 3, a California Department of Corrections and Rehabilitation ("CDCR") Administrator, and (4) John Doe 4, a California Department of State Hospitals Administrator.

His allegations may be summarized as follows:

On October 28, 2015, Plaintiff was transported from CSH to an outside medical appointment by Does 1 and 2. Plaintiff was handcuffed, waist chained, and leg cuffed. Transportation to the appointment was without incident. On the return trip, Does 1 and 2 failed to secure Plaintiff's seatbelt. Plaintiff attempted to secure his seatbelt but was unable to do so due to his restraints. He yelled to Does 1 and 2 that his seat belt was not secured, but they did not respond, either because the radio was too loud or because they were engrossed in conversation. Plaintiff yelled until he was hoarse.

Plaintiff fell asleep soon after leaving the appointment. At some point during the ride, Doe 1 or 2 drove at speeds above the legal limit. Doe 1 or 2 made a hard left turn and Plaintiff was thrown out of his seat, onto the seat in front of him, and eventually fell to the floor of the van. Does 1 and 2 did not respond to Plaintiff's shouts for help. Plaintiff sustained injuries to his left knee, back, neck, and hands, including lacerations to his left hand caused by the handcuffs that later became infected.

Does 1 and 2 opened the rear doors of the van upon arrival at CSH and discovered Plaintiff on the floor. They asked why Plaintiff was on the floor and Plaintiff stated that he fell. Does 1 and 2 did not offer Plaintiff assistance in exiting the van. Plaintiff experienced pain removing himself from the van.

Plaintiff alleges that Does 1 and 2, through their recklessness, violated Plaintiff's Fourteenth Amendment right to "freedom from harm."

He further alleges that Department of State Hospitals policy requires patients to be transported to outside medical appointments by hospital police officers and at least one level-of-care staff. This policy is memorialized in Order No. 243.04. He alleges that it is unconstitutional for a civil detainee, such as Plaintiff, to be in the custody of the CDCR for transport, and no other state hospital uses CDCR officers for this purpose. He alleges that Does 3 and 4 conspired to violate Plaintiff's rights under both the Due Process and Equal Protection Clauses of the Fourteenth Amendment by surrendering Plaintiff to the custody of CDCR officers.

Plaintiff seeks a hearing on the issue of requesting the appointment of counsel, as well as compensatory and punitive damages.

**IV.    Analysis**

  **A.    Appointment of Counsel**

The Court already advised Plaintiff in its first screening order that he has no constitutional right to the appointment of counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Plaintiff has presented no evidence of a change in circumstances warranting the appointment of counsel at this juncture. For the same reasons as set forth in its first screening order, the Court will deny Plaintiff's request for appointment of counsel. The Court also denies Plaintiff's request for a hearing on this issue. Local Rule 230(*l*).

  **B.    Due Process**

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Treatment is presumptively punitive when a civil

4

detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321–22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and internal quotation marks omitted).

### 1.     Transport by CDCR Officers

Plaintiff claims that Defendants unlawfully deprived him of his liberty by causing him to be transported by CDCR officers rather than employees of CSH or the Department of State Hospitals. He states that by being transported by CDCR officers,

who shackled him at the wrists, waist, and legs, he was subjected to the same "punitive" conditions of confinement as a maximum security prisoner.

To the extent Plaintiff intends to base his claim on a violation of Special Order No. 241.04[1] of the California Department of Mental Health, his argument fails. As an initial matter, California regulations do not dictate the outcome of the federal due process analysis. See, e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012). Additionally, the Court notes that the copy of Special Order No. 241.04 that Plaintiff attaches to his complaint imposes no restrictions against the transportation of civil detainees by CDCR officers. (Compl. Ex. A (ECF No. 14) at 15). To the contrary, the policy explicitly authorizes transportation of civil detainees by CDCR officers: "The state hospitals . . . may utilize the State Hospital's Department of Police Services for [transporting judicially committed patients], or coordinate with any law enforcement agency, *including the California Department of Corrections and Rehabilitation.*" Id. (emphasis added). Plaintiff's argument on this ground is therefore unavailing.

To the extent Plaintiff claims the policy itself is unconstitutional, the Court finds that transport by CDCR officers is not per se unconstitutional. See Cerniglia v. Mayberg, No. 1:06–CV–01767 OWW JMD HC, 2010 WL 2464852, at *4 (E.D. Cal. June 14, 2010) ("[T]he mere fact that the CDCR officers are used to transport [civil detainees] to and from medical appointments does not transform [their] civil commitment into punishment.") Nor is the use of restraints during transport necessarily punitive in nature, as the state clearly has an interest in maintaining the safety of its employees and the public at large when transporting an individual detained as a sexually violent predator. See Youngberg, 457 U.S. at 321.  Plaintiff has not alleged facts to indicate that the conditions of his transport were punitive or unduly restrictive in relation to his status, nor

---

[1] Plaintiff repeatedly refers to Special Order 243.04. The sole Order attached to Plaintiff's complaint is numbered 241.04. The Court will proceed on the assumption that Plaintiff intended to refer to Order No. 241.04.

6

has he alleged facts to suggest that Defendants' professional judgment was improperly exercised.

Plaintiff nonetheless asserts that his transport by CDCR officers is unconstitutional under Kansas v. Hendricks, 521 U.S. 346 (1997). Kansas is inapposite. It involved substantive challenges to a civil commitment statute and did not address issues regarding transportation or supervision by particular custodial officers.

The Court concludes that this allegation fails to state a claim. Plaintiff previously was advised of the deficiencies in his claim but nonetheless simply repleaded substantively identical allegations. Further leave to amend would be futile and should be denied.

### 2.   Falling During Transport

Plaintiff alleges that Does 1 and 2 failed to protect him from harm during transport by failing to secure his seatbelt, speeding at some point, and taking a hard left turn, causing Plaintiff to fall from his seat and injure himself.

Plaintiff has not alleged facts to indicate that Defendant Does 1 and 2 acted with "conscious indifference amounting to gross negligence." Ammons, 648 F.3d at 1029. While Plaintiff states he yelled to Defendants that his seatbelt was not secured and they failed to respond, there is nothing to reflect that Defendants were actually aware or should have been aware prior to or during the transport that Plaintiff was not secured. Nor is the fact that Doe 1 or 2 drove "at [an] excessive speed" evidence of conscious indifference. Although Plaintiff characterizes the speeding as "reckless," without more, speeding alone is generally insufficient to rise to the level of recklessness. See Schewendeman v. Wallenstein, 971 F.2d 313, 316 (9th Cir. 1992) (holding that a jury instruction that recklessness could be inferred from the fact of speeding alone was constitutionally deficient). In short, taken together, Plaintiff's allegations fail to demonstrate a *conscious* indifference to Plaintiff's well-being. His allegations reflect, at most, negligence, and should be dismissed. Plaintiff, having failed to correct the

deficiencies in this claim as previously identified by the Court, further leave to amend would be futile.

### 3. Failure to Help Plaintiff Out of the Van

Plaintiff states that Does 1 and 2 failed to help Plaintiff out of the back of the transport van, forcing Plaintiff to extricate himself while shackled. As a result, Plaintiff suffered pain.

The mere fact that Does 1 and 2 did not offer to help Plaintiff out of the van does not amount to a conscious disregard for Plaintiff's health or safety. Nothing in the alleged facts demonstrates that Defendants knew Plaintiff was so incapacitated that he was incapable of moving himself; in fact he did remove himself. There is no claim Plaintiff asked for help and was denied it. At worst, Defendants were merely inconsiderate. This allegation fails to state a claim, and should be dismissed.

### C. Equal Protection

Plaintiff states that his rights under the Equal Protection Clause were violated.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). To make an Equal Protection Claim, an individual must show either that Defendants intentionally discriminated against him on the basis of his membership in a protected class, see Hartmann, 707 F.3d at 1123; Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005), or that he received disparate treatment compared to other similarly situated individuals and there was no rational basis for that difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff may intend to claim that his transport by CDCR officials constituted disparate treatment compared to other civil detainees. Plaintiff puts forth no facts demonstrating he was treated differently from other detainees except to speculate that no other state hospitals employ CDCR officers for this purpose. He has not alleged facts

to suggest that there was no rational basis for for the practice as applied to him. Plaintiff's Equal Protection claim should be dismissed

### D. Conspiracy

Plaintiff alleges that Does 3 and 4 conspired to violate Plaintiff's Due Process and Equal Protection rights.

A conspiracy claim brought under Section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the Court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. (internal quotations and citations omitted).  As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Here, Plaintiff has not demonstrated the existence of a "meeting of the minds" between Defendants, nor has he shown that his rights have been violated. Plaintiff's

conspiracy claim should be dismissed.

### F. Doe Defendants

Plaintiff asks to open discovery now for the purpose of uncovering the identities of the Doe Defendants. The Court cannot do so as Plaintiff has not alleged a cognizable cause of action. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Plaintiff's request will therefore be denied.

## V. Conclusion

Plaintiff's first amended complaint fails to state a claim, and the Court finds that granting further leave to amend would be futile. Therefore, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request for the appointment of counsel and a hearing on the same (ECF No. 14) is DENIED;
2. Plaintiff's request to open discovery for the purpose of discovering the identities of the Doe Defendants (ECF No. 14) is DENIED; and

IT IS HEREBY RECOMMENDED THAT:

3. Plaintiff's first amended complaint (ECF No. 14) be dismissed, with prejudice, for failure to state a claim.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  October 26, 2016                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE